**Irene HARTONO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73893.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.\*

Decided Dec. 9, 2004.

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Esq., Anh-Thu P. Mai, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Irene Hartono, an ethnic Chinese, native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's findings, see Lata v. INS, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's finding that Hartono failed to demonstrate a well-founded fear of persecution because she did not show a particularized risk of persecution in Indonesia. Hartono was subject to only isolated incidents of harassment as a child, and feared for her safety, but was not physically harmed during the May 1998 riots in Indonesia; she lived in Indonesia without incident from May 1998 until her arrival in the United States in February 2000; and her parents continue to live in and operate a business in Indonesia without incident. See Singh v. INS, 134 F.3d 962, 967 (9th Cir.1998) (stating that in order to establish well-founded fear of persecution, petitioner cannot simply prove that there exists generalized or random possibility of persecution, she must show that she is at particular risk); see also Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001) (concluding that claim of persecution upon return is undermined when similarly-situated family members continue to live in native country without incident). Hartono's contention that she is a member of a "disfavored group"—the ethnic Chinese minority in Indonesia—

alone did not demonstrate a well-founded fear of persecution without the additional showing of individualized risk. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182–83 (9th Cir.2003) (concluding that applicant may demonstrate well-founded fear of future persecution by proving that she is member of "disfavored group" coupled with showing that she, in particular, is likely to be targeted as member of that group).

Because Hartono failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. See Lata, 204 F.3d at 1244. Hartono does not challenge the IJ's denial of CAT relief and therefore it is waived. See Martinez–Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996).

Pursuant to Desta v. Ashcroft, 365 F.3d 741 (9th Cir.2004), Hartono's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.